**In re J. Michael TOMLIN, Debtor.**

**J. Michael TOMLIN,**

**v.**

**TSC INDUSTRIES, INC., a corporation.**

**Bankruptcy No. 387–01305.**
**Adv. No. 387–0099.**
**No. 3:88–0739.**

United States District Court,
M.D. Tennessee,
Nashville Division.

June 30, 1989.

William Caldwell Hancock, Nashville, Tenn., for plaintiff.

Gerald A. Smith, Jr., Nashville, Tenn., for defendant.

## MEMORANDUM

MORTON, Senior District Judge.

T. Michael Tomlin appeals a decision of the bankruptcy court determining that he was not entitled to his rent claim and commission claim against TSC Industries, Inc., and that defendant was entitled to contractual attorney fees.

The bare facts are that Tomlin leased for a period of ten years 32,000 square feet in a commercial building to defendant for a rental based on a variable interest rate. Defendant brought suit against Tomlin in state court asserting that Tomlin was guilty of fraud in applying an interest rate deliberately higher than currently available in the market place. During the course of the trial, the case was settled on terms stated in open court, and a subsequent court order was entered.

It is clear beyond any doubt that the lease was terminated by virtue of the compromise. As a part of the compromise, Tomlin was to receive any commission paid to obtain a subsequent lease for TSC Industries. That company did not lease any premises thereafter, but decided to build. Thus clearly there was no valid claim for the commission.

The original lease contained a provision for attorney fees, to-wit:

In the event of any litigation between Lessor [J. Michael Tomlin] and Lessee [TSC Industries, Inc.] to enforce any provision of this Lease or any right of either party hereto, the unsuccessful party shall pay all costs and expenses, including reasonable attorney's fees, incurred therein.

The lease was terminated by the settlement in state court. However, thereafter Tomlin asserted it was still in effect to the extent he was entitled to the rent payments provided therein, even though the lessee vacated the premises as specified in the settlement. Thus, even though Tomlin asserts a legal right under the lease, he asserts that since the bankruptcy court determined the lease terminated by the state court settlement, there exists no covenant or contract left to cover attorney fees.

The assertion of Tomlin is not tenable. If after the lease had expired by reason of passage of time, the premises vacated, and nothing remained to be settled between the parties, Tomlin had asserted rights under the lease, albeit ridiculous claims with obviously no foundation, would not the covenant to pay attorney fees apply? Of course, it would. Such covenants are placed in leases to discourage specious claims, such as made in the case sub judice. Any actions brought asserting such claims by virtue of the lease are covered by the covenant to pay attorney fees.

This appeal is dismissed.